IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01768-ZLW

ELDON HUFFINE, his heirs and assigns,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF JUSTICE, and
DOE 1-50,
    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 07 2007

GREGORY C. LANGHAM
    CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Eldon Huffine has filed *pro se* on November 1, 2007, a document titled "Notice to the Court" in which he apparently seeks reconsideration of the Court's Order of Dismissal filed in this action on October 4, 2007. The Court must construe the notice liberally because Mr. Huffine is proceeding *pro se*. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the notice will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Huffine's motion to reconsider in this action, which was filed more than ten days after the Court's Order of Dismissal, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See* **Massengale v. Oklahoma Bd. of Examiners in Optometry**, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice because Mr. Huffine failed to cure certain deficiencies. More specifically, Mr. Huffine failed to file his complaint on the proper form and he failed either to pay the filing fee or to file a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. In fact, the order directing Mr. Huffine to cure the deficiencies was returned to the Court undelivered because Mr. Huffine failed to notify the Court of his current address.

Mr. Huffine alleges in the motion to reconsider that prison officials ignored his request for a certified copy of his inmate trust fund account statement, which is necessary to seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He also alleges that his request for an order directing prison officials to provide a certified account statement was ignored by the Court.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Huffine fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. The Court's docketing records do not demonstrate that Mr. Huffine filed any motion or other document advising the Court that he was unable to cure the deficiencies. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Notice to the Court" filed on November 1, 2007, which the Court has construed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this ___7___ day of ___Nov.___, 2007.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01768-ZLW

Eldon Huffine
Reg. No. 09001-045
SEATAC
Federal Detention Center
PO Box 13900
Seattle, WA 98198

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/7/7

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk